IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                Plaintiff,                 ORDER

          v.                        14-cr-126-jdp-1

LUCAS STEWART,

                Defendant.

---

A hearing on the probation office's petition for judicial review of Lucas Stewart's supervised release was held on July 24, 2019, before U.S. District Judge James D. Peterson. The government appeared by Assistant U.S. Attorney Meredith P. Duchemin. Defendant was present in person and by counsel David R. Karpe. Also present by telephone was U.S. Probation Officer Brad Schalow.

From the record, I make the following findings of fact.

## FACTS

Defendant was sentenced in the Western District of Wisconsin on August 19, 2015, following his conviction for Felon in Possession of Ammunition, in violation of 18 U.S.C. § 922(g)(1). This offense is a Class C felony. He was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 42 months, to be followed by a three-year term of supervised release. On November 21, 2017, defendant's term of supervised release commenced.

Defendant violated Special Condition No. 15 requiring that he submit to drug testing. Defendant stipulated that he missed two drug tests, on November 19, 2018, and April 16, 2019.

Evidence at the hearing established that he also missed a drug test on June 9, 2018, although defendant had offered an excuse for that missed test.

Defendant violated Standard Condition No. 2 requiring him to a complete written report within the first five days of each month. Defendant failed to submit monthly supervision report forms to his probation officer for the following months: January 2018, June 2018, November 2018, December 2018, January 2019, and February 2019. Officer Schalow also testified that defendant had not filed his report for June 2019.

Defendant also failed to follow Officer Schalow's instructions in two respects. First, defendant did not attend any dual diagnosis treatment between November 12, 2018, and July 3, 2019, despite the requirement in Special Condition No. 14 that he participate in mental health treatment, and the requirement in Special Condition No. 15 that he participate in substance abuse treatments. Second, defendant failed to follow Officer Schalow's instruction that he not use cannabidiol (CBD) products, pursuant to this court's policy for those under supervision. I do not find that these failures constitute violations because defendant's actions do not directly contradict the written terms of his supervision.

Defendant's criminal history category is V. Defendant's violations are Grade C violations under §7B1.1(a)(3). A Grade C violation coupled with criminal history category of V results in an advisory guideline range of imprisonment of 7 to 13 months. The maximum term of supervised release that can be re-imposed is 36 months, less any term of imprisonment imposed upon revocation, pursuant to 18 U.S.C. § 3583(b)(2).

CONCLUSIONS

Defendant has violated some terms of his supervision, but those violations alone would not warrant revocation. His more serious problems are: (1) he has not fully engaged in treatment, and

(2) he has engaged in disrespectful, angry, and sometimes defiant behavior that makes him difficult to supervise. Based on my discussion with defendant at the hearing, I conclude the defendant's needs and the interests of justice will best be served by continuing his supervision under updated and clarified terms of supervision. Accordingly, defendant's supervision is continued on the terms below, which reflect the current versions standard and special conditions in this district.

I offer here a few words of explanation of the conditions most at issue now.

The court's policy is that those under supervision may not use CBD products with a prescription. CBD products may contain enough THC to result in a positive drug test, which would frustrate testing for marijuana use. Defendant acknowledges that he understands the court's CBD policy and he has agreed to the new Standard Condition No. 5.

The court expects defendant to engage in regular sessions with his mental health/substance abuse treatment provider. The court is not satisfied with the current arrangement under which defendant gets treatment only when he feels the need. The court will leave it to defendant's treatment provider, Officer Schalow, and defendant himself to set the schedule for those regular sessions. The court is available to resolve disputes if necessary.

Defendant has agreed to allow Officer Shallow access to certain information about his mental health treatment. It is the court's understanding that Officer Shallow may contact defendant's providers to find out when he has received treatment and what medications defendant has been prescribed. Defendant's discussions during counselling with his mental health treatment provider may remain confidential. Officer Schalow may ask defendant to execute a consent to release of information consistent with the court's order.

Officer Schalow will provide defendant with the federal definition of "dangerous weapon."

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on August 19, 2015, is CONTINUED, on the terms stated below, which supersede the terms imposed on August 19, 2015.

| STANDARD CONDITIONS OF SUPERVISION | JUSTIFICATION |
|---|---|
| 1) **Defendant shall not knowingly leave the judicial district in which defendant is being supervised without the permission of the Court or probation officer.** | To provide community protection, rehabilitation for defendant, and to enable the supervising probation officer's statutory duty to keep informed of defendant's location, conduct, condition, and compliance.<br>18 U.S.C. § 3553(a)(1), (a)(2)(B) and (C);<br>18 U.S.C. § 3563(b)(14);<br>18 U.S.C. § 3603(2) and (7);<br>USSG §5B1.3(b)(1)(A), (C), (D) and (b)(2); USSG §5D1.3(b)(1)(A), (B), (C) and (b)(2). |
| 2) **Defendant is to report to the probation office as directed by the Court or probation officer and shall submit a complete written report within the first five days of each month, answer inquiries by the probation officer, and follow the officer's instructions. The monthly report and the answer to inquiries shall be truthful in all respects unless a fully truthful statement would tend to incriminate defendant, in violation of defendant's constitutional rights, in which case defendant has the right to remain silent.** | To provide community protection, rehabilitation for defendant, to ensure officer and defendant safety, and to enable the supervising probation officer's statutory duty to keep informed of defendant's location, conduct, condition, and compliance.<br>18 U.S.C. § 3553(a)(1), (a)(2)(B), (C) and (D);<br>18 U.S.C. § 3563(b)(15) and (17);<br>18 U.S.C. § 3603(2), (3), (4) and (7);<br>USSG §5B1.3(b)(1)(B)(C), (D), (E) and (b)(2);<br>USSG §5D1.3(b)(1)(B), (C), (D) and (b)(2). |

| 3) | **Defendant shall maintain lawful employment, seek lawful employment, or enroll and participate in a course of study or vocational training that will equip defendant for suitable employment, unless excused by the probation officer or the Court.** | Evidence based practice research indicates that lawful, stable employment and education are pro-social activities that reinforce the rehabilitation of defendant. Employment and education have been identified as risk factors for recidivism. <br> 18 U.S.C. § 3553(a)(2)(B), (C) and (D); <br> 18 U.S.C. § 3563(b)(4) and (5); <br> 18 U.S.C. § 3603(2), (3), (4) and (7); <br> USSG §5B1.3(b)(1)(C), (D) and (E); <br> USSG §5D1.3(b)(1)(B), (C) and (D). |
|---|---|---|
| 4) | **Defendant shall notify the probation officer within seventy-two hours of any change in residence, employer, or any change in job classification.** | To provide community protection, rehabilitation for defendant, to ensure officer and defendant safety, and to enable the supervising probation officer's statutory duty to keep informed of defendant's location, conduct, condition, and compliance. <br> 18 U.S.C. § 3553(a)(2)(C); <br> 18 U.S.C. § 3563(b)(13), (15), (16) and (19); <br> 18 U.S.C. § 3603(2), (3), (4) and (7); <br> USSG §5B1.3(b)(1)(D) and (b)(2); <br> USSG §5D1.3(b)(1)(C). |
| 5) | **Defendant shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.** <br> **Defendant shall not use any product containing cannabidiol (CBD) or tetrahydrocannabinol (THC), except as prescribed by a physician.** | Evidence based practice research indicates the use of illicit chemicals is a risk factor for recidivism. This condition is recommended to assist with defendant's rehabilitation, officer and defendant safety, and to protect the public. <br> 18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C); <br> 18 U.S.C. § 3563(b)(7); <br> 18 U.S.C. § 3603(3); <br> USSG §5B1.3(b)(1)(A), (B), (C) and (D); <br> USSG §5D1.3(b)(1)(A), (B) and (C). |

| | | |
|---|---|---|
| 6) | **Defendant shall not visit places where defendant knows or has reason to believe controlled substances are illegally sold, used, distributed, or administered.** | Evidence based practice research indicates that frequenting places where illicit chemicals are sold, used, distributed or administered increases the risk that defendant will purchase, use or possess illicit chemicals. Individuals involved in the distribution of illicit chemicals present a risk of peer association as identified in the research. This condition supports rehabilitation of defendant and promotes public safety.<br>18 U.S.C. § 3553(a)(1), (a)(2)(B) and (C);<br>18 U.S.C. § 3563(b)(6);<br>18 U.S.C. § 3603(3);<br>USSG §5B1.3(b)(1)(A), (B), (C), (D) and (b)(2);<br>USSG §5D1.3(b)(1)(A), (B) and (C). |
| 7) | **Defendant shall not meet, communicate, or spend time with any persons defendant knows to be engaged in criminal activity or planning to engage in criminal activity.** | Evidence based practice research indicates that association with peers involved in criminal activity increases the risk of recidivism. This condition promotes and encourages pro-social relationships that are conducive to a law-abiding lifestyle.<br>18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C);<br>18 U.S.C. § 3563(b)(6); 18 U.S.C. § 3603(3);<br>USSG §5B1.3(b)(1)(B), (C) and (D);<br>USSG §5D1.3(b)(1)(B) and (C). |
| 8) | **Defendant shall permit a probation officer to visit defendant at home, work, or some other mutually convenient location designated by the probation officer at any reasonable time and shall permit confiscation of any contraband observed in plain view by the probation officer.** | Community contacts ensure compliance with court-ordered conditions and assist defendant in maintaining a law-abiding lifestyle.<br>18 U.S.C. § 3553(a)(1), (a)(2)(A), (B), and (C);<br>18 U.S.C. § 3563(b)(13), (15), (16) and (17);<br>18 U.S.C. § 3603(2), (3), (4) and (7);<br>USSG§ 5B1.3(b)(1)(A), (B), (C), (D) and (b)(2);<br>USSG §5D1.3(b)(1)(A), (B), (C) and (b)(2). |
| 9) | **Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.** | To provide for community safety and rehabilitation of defendant.<br>18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C);<br>18 U.S.C. § 3563(b)(18);<br>18 U.S.C. § 3603(2), (3), (4) and (7);<br>USSG § 5B1.3 (b)(1)(A), (B), (C) and (D);<br>USSG § 5D1.3 (b)(1)(A), (B) and (C). |
| 10) | **Not imposed.** | |
| 11) | **Not imposed.** | |

| | | |
|---|---|---|
| 12) | **Defendant shall not possess a firearm, ammunition, destructive device, or dangerous weapon.** | To comply with statutory provisions. To provide for community safety, as well as the safety of the supervising U.S. probation officer.<br>18 U.S.C. §§ 921 and 922; 18 U.S.C. § 5363(b)(10); USSG § 5D1.3(c)(10); and *U.S. v. Armour*, 804 F.3d 859, 869 (7th Cir. 2015). |

| | SPECIAL CONDITIONS OF SUPERVISION | JUSTIFICATION |
|---|---|---|
| 1) | **Provide the supervising U.S. Probation Officer any and all requested financial information, including copies of state and federal tax returns.** | Based on defendant's limited employment history and the need to monitor his ability to support himself through legitimate means. |
| 2) | **Submit person, property, residence, papers, vehicle, or office to a search conducted by a U.S. Probation Officer at a reasonable time and manner, whenever the probation officer has reasonable suspicion of contraband or of the violation of a condition of release relating to substance abuse or illegal activities; failure to submit to a search may be a ground for revocation; defendant shall warn any other residents that the premises defendant is occupying may be subject to searches pursuant to this condition.** | Based on the nature of the offense of conviction and the need to protect the public from further criminal activity perpetrated by defendant as suggested by his criminal history and the need to ensure the safety of the supervising U.S. probation officer. |
| 3) | **Participate in mental health referral, assessment, and treatment as approved by the supervising U.S. Probation Officer and comply with all rules, regulations, and recommendations of the mental health agency or its representative to the extent approved by the supervising U.S. Probation Officer. Mental health treatment must be provided on a regular schedule, to be determined by defendant, the supervising officer, and defendant's treatment provider. Defendant will allow his treatment providers to disclose when defendant has attended treatment sessions and to disclose any prescribed or recommended medication. If defendant is eligible for funding from any source to cover the cost of treatment, defendant is to make reasonable efforts to obtain such funding. Participation in** | Based on defendant's history of mental health instability and recent emotional instability demonstrated on supervised release. Treatment is recommended to further the sentencing goal of rehabilitation. |

| | | |
|---|---|---|
| | **treatment does not require payment by defendant unless it is clear defendant can afford it.** | |
| 4) | **Participate in a substance abuse evaluation and recommended treatment. If defendant is eligible for funding from any source to cover the cost of treatment, defendant is to make reasonable efforts to obtain such funding. Participation in treatment does not require payment by defendant unless it is clear defendant can afford it. Defendant shall submit to drug testing beginning within 15 days of defendant's release and 60 drug tests annually thereafter. The probation office may utilize the Administrative Office of the U.S. Courts' phased collection process.** | Based on the nature of defendant's substance abuse history, the need to refer defendant for treatment services, and to hold defendant accountable to support his own efforts to obtain and maintain sobriety. |
| 5) | **Abstain from the use of alcohol.** | Based on defendant's history of alcohol use and alcohol-related violations during his term of supervised release. |
| 6) | **Defendant shall not patronize any taverns, bars, liquor stores, night clubs or other establishments where the primary item of sale is alcohol** | Based on defendant's history of alcohol-related violations during his term of supervised release. |

## Mandatory Conditions - 18 U.S.C. § 3563(a) and 18 U.S.C. § 3583(d)

- Defendant shall not commit another federal, state, or local crime. [Note: Any defendant that has been convicted of a felony offense, or is a prohibited person, shall not possess a firearm, ammunition, or destructive device pursuant to 18 U.S.C. §§ 921 and 922.]

- Defendant shall not illegally possess a controlled substance. The defendant is subject to drug testing according to 18 U.S.C. §§ 3563(a)(5) and 3583(d).

- Defendant shall cooperate with the collection of DNA by the U.S. Justice Department and/or the U.S. Probation and Pretrial Services Office as required by Public Law 108-405.

Entered this 30th day of July 2019.

BY THE COURT:

/s/

James D. Peterson
District Judge